IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00881-BNB

JESUS JOHN HERNANDEZ,

    Applicant,

v.

JOE STARMAN, Director, Independence House South, and
UNITED STATES PAROLE COMMISSION,

    Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Jesus John Hernandez, is serving a term of special parole under the jurisdiction of the United States Parole Commission. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Hernandez asserts two claims in the Application: (1) that the United States District Court for the District of Colorado lacked statutory authority to impose a term of special parole as part of his sentence; and (2) that the Parole Commission cannot compel him to submit to certain conditions of parole that were not authorized at the time he committed his offenses in 1984.

The Court must construe Mr. Hernandez's Application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application in part and draw the remaining claim.

**I. Background**

On March 3, 1986, United States District Judge Jim Carrigan imposed an aggregate 20-year prison sentence, to be followed by a 10-year special parole term, for Applicant's convictions of distribution and possession with intent to distribute cocaine in violation of 18 U.S.C. §§ 841 and 846, and conducting a continuing criminal enterprise in violation of 18 U.S.C. § 848.[1]  Mr. Hernandez was released on parole on July 30, 1994, with a sentence expiration date of September 24, 2005.  At the time of his release, Applicant signed a special parole certificate acknowledging that upon completion of his "regular" parole term he would be required to commence his ten-year special parole term.  Since October 1996, Mr. Hernandez has violated the conditions of his parole several times.  He was re-released into the community on at least four separate occasions.  According to Applicant, he is "scheduled to be released from . . . physical custody . . . on May 16, 2012," and will "once again be subject to the . . . unlawful conditions of the [Parole Commission]."  (Reply; ECF No. 16, at 9).  Mr. Hernandez alleges that he takes up to twelve medications on a daily basis which result in him testing positive for illegal drug substances in urine analyses tests.  (Application; ECF No. 1, at 7).

Mr. Hernandez asserts in the Application that the Parole Commission does not have lawful custody over him because his special parole term is illegal.  (ECF No. 1, at 4, 8-9).  He further claims that the Parole Commission is without authority to administer its current drug testing and counseling requirements to him because the law did not

---

[1] This summary of Applicant's criminal history is taken from the Recommendation of United States Magistrate Judge filed in *Hernandez v.* Davis, No. 07-Cv-02406-REB-MEH (ECF No. 51, at 2-5).

impose such requirements when he committed his offenses in 1984. (*Id.* at 7). He asks this Court to order the Parole Commission to terminate his special parole term and to enjoin the Parole Commission from imposing drug testing and counseling as conditions of his parole. (*Id.* at 12).

## II. Analysis

### A. Challenge to Imposition of Special Parole Term

The Application, in part, challenges the validity of the sentence ordered by the United States District Court. "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241, which attacks the execution of a sentence, "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Hernandez

3

bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Caravalho*, 177 F.3d at 1178. Applicant does not allege any of these circumstances. Further, the United States Court of Appeals for the Tenth Circuit has addressed similar claims raised in § 2255 motions. *See, e.g., United States v. Webber*, No. 92-3316, 1993 WL 367442 (10th Cir. 1993) (unpublished) (addressing claim that sentencing court lacked statutory authority to impose special parole term); *United States v. Martin*, No. 91-5173, 1992 WL 332245 (10th Cir. Nov. 9, 1992) (unpublished) (same). Moreover, Mr. Hernandez was advised previously that his claim challenging the sentencing court's imposition of a special parole term must be raised in a § 2555 motion. *See Hernandez v. Davis*, No. 07-cv-02406-REB-MEH (ECF No. 58, at 5), adopting Recommendation of United States Magistrate Judge (ECF No. 51);[2] *see also Webb v. Booker,* 1996 U.S. App. LEXIS 13386, *4 (10th Cir. June 5, 1996) (citing *Johnson v.* 347 F.2d 365, 366 (10th Cir.1965)). Accordingly, Applicant's claim challenging the legality of his sentence will be dismissed.

**B.    Challenge to Parole Conditions**

---

[2] Mr. Hernandez's other claims, challenging actions by the United States Parole Commission, were dismissed without prejudice for his failure to exhaust administrative remedies. *See Hernandez v. Davis*, No. 07-cv-02406-REB-MEH (ECF No. 58, at 5).

Mr. Hernandez' second claim asserts that the Parole Commission lacks authority to administer its current drug testing and counseling requirements to him because the law did not impose such requirements when he committed his offenses in 1984. Applicant asks the Court to enjoin the Parole Commission from enforcing the parole conditions. He does not challenge a pending parole revocation proceeding.

The Court must determine whether Applicant's claim is cognizable in a habeas proceeding. Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Presser v. Rodriguez*, 411 U.S. 475, 484 (1973)). An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh*, 115 F.3d at 811 ("A habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. . . In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement."). However, "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh*, 115 F.3d at 811. This is because prison disciplinary proceedings, such as the deprivation of good-time credits, affect the fact or duration of the prisoner's custody. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

The Tenth Circuit Court of Appeals has not specifically addressed the issue of whether a challenge to parole conditions "is more like a challenge to the fact or duration of one's confinement (and so cognizable in habeas) or more like a challenge to one's conditions of confinement (and so cognizable only in a *Bidens*[3] action)." *Banks v. United States*, No. 10-3014, 431 F. App'x 755, 757 (10th Cir. July 27, 2011) (citing *McIntosh*, 115 F.3d at 811). Other circuit courts of appeal have held that challenges to parole conditions may be raised in a § 2241 Application. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (reasoning that the conditions of parole constitute the perimeters of a parolee's confinement, and, therefore, "eliminating or changing one of the restrictions would alter the confinement."); *Rauschenberg v. Williamson*, 785 F.2d 985, 987 (11th Cir. 1986).

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court held that prisoners may challenge the constitutionality of state parole procedures used to deny parole suitability and parole eligibility in an action under § 1983 seeking declaratory and injunctive relief. *Id.* at 82. The Court found that the claims were not "core" habeas claims within the exclusive remedy of the federal habeas corpus statutes because the respondents' success on the claims would not necessarily shorten the period of the respondents' confinement. *Id.* Specifically, the Court noted that "success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio

---

[3]*Bidens v. Six Unnamed Agents of Federal Bureau of Narcotics*,

6

parole authorities may, in their discretion, decline to shorten his prison term." *Id*

Applicant's challenge to his parole conditions lies somewhere in between a "core" habeas corpus claim and a traditional conditions of confinement case that is actionable under the civil rights laws. Applicant's previous violation of the conditions resulted in his reincarceration. However, he does not challenge his most recent parole revocation proceeding. And, although removal of the objectionable parole conditions will not, *per se,* entitle Applicant to an earlier release date, Applicant alleges that elimination of the restrictions will enable him to succeed in adhering to the remaining conditions of his special parole and, thus, avoid re-confinement. It is a close question under *Wilkinson* and *McIntosh* whether Applicant's claim is actionable under the habeas corpus statute. However, because there has not been a definitive ruling by the Supreme Court or the Tenth Circuit on the issue, the Court will allow Applicant's claim to proceed under 28 U.S.C. § 2241.[4]

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. As such, the case will be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that the claim challenging the special parole term imposed as part of Applicant's sentence is DISMISSED without prejudice because it is not cognizable

---

[4]The Court notes that Applicant would otherwise have a remedy under *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-32, 1236 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement).

under 28 U.S.C. § 2241.  Applicant's remedy for that claim is to file a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to §2255 on the court-approved form, which can be found, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Applicant's remaining claim challenging the Parole Commission's administration of drug testing and counseling requirements will be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Applicant's Motion to Reconsider May 1, 2012 Order (ECF No. 15) is **denied as moot**.

DATED at Denver, Colorado, this   11th   day of    May     , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court