IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00881–MSK–KMT

JESUS JOHN HERNANDEZ,

    Applicant,

v.

JOE STARMAN, Director, Independence House South, and
THE UNITED STATES PAROLE COMMISSION,

    Respondents.

## ORDER

This matter is before the court on Applicant's "Motion to Reconsider May 11, 2012 Order to Dismiss in Part" (Doc. No. 20, filed May 14, 2012).

The court treats Applicant's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. *See Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186

n.5 (10th Cir. 2000). The court will exercise its discretion to review Applicant's motion under the standards applicable to Rule 59(e) motions.

Applicant seeks reconsideration of Senior Judge Lewis T. Babcock's Order dismissing his claim challenging the special parole term imposed as a part of his sentence. Applicant argues, as he previously has argued, apparently in an attempt to circumvent the Court's previous orders, the validity of the special parole term. *See* Doc. No. 1; *see also Hernandez v. Davis*, 07-cv-02406-REB-MEH, Doc. No. 1. Applicant previously has been advised that his claim challenging the sentencing court's imposition of a special parole term must be raised in a motion under 28 U.S.C. § 2255. *See* No. 07-cv-02406-REB-MEH, Doc. No. 58 at 5; *see also Webb v. Booker*, No. 96-1034, 1996 WL 314088, at *1 (10th Cir. June 5, 1996) (citing *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)). However, a court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. *See Servants*, 204 F.3d at 1009; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court declines to reconsider this previously-rejected argument.

Applicant also seems to argue that, because he was sentenced by retired District Judge Jim Carrigan, a § 2255 motion may not be adequate.[1] (*See* Mot., ¶ 9.) However, a motion under § 2255 requires it must be filed in the district which imposed the sentence, *see United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980), but not with the original sentencing judge.

---

[1]The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As Applicant has failed to show an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice, *Servants*, 204 F.3d at 1012, it is

ORDERED that Applicant's "Motion to Reconsider May 11, 2012 Order to Dismiss in Part" (Doc. No. 20) is DENIED.

Dated this 13th day of November, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge