IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00881–MSK–KMT

JESUS JOHN HERNANDEZ,

    Applicant,

v.

JOE STARMAN, Director, Independence House South, and
THE UNITED STATES PAROLE COMMISSION,

    Respondents.

## ORDER

This matter is before the court on "Petitioner's Motion for Order in Accord with 28 U.S.C. § 636 and for Leave to Seek Relief in the Nature of Mandamus with the United States Court of Appeals for the Tenth Circuit Pursuant to 28 U.S.C. § 1361" (Doc. No. 40, filed January 4, 2013).

Petitioner appears to object to Chief District Judge Marcia S. Krieger's referral of certain motions to the magistrate judge for ruling and referral of Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 to the magistrate judge for a recommendation. However, pursuant to 28 U.S.C. § 636(b)(1)(A),

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a

> criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

To the extent Petitioner disagrees with any of the rulings made by the magistrate judge, Chief Judge Krieger "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a).

Additionally, pursuant to § 636(b)(1)(B),

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

To the extent Petitioner disagrees with any recommendation made by the magistrate judge, "[w]ithin fourteen days after being served with a copy, [he] may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.* Chief Judge Krieger will then "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b).

Thus, pursuant to 28 U.S.C. § 636, this court has the authority, upon referral of the motions and the Application for a Writ of Habeas Corpus by Chief District Judge Krieger, to make appropriate rulings and recommendations.

To the extent Petitioner seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 this action is not properly before the Court, as Petitioner is before this Court because he applied for habeas corpus relief pursuant to 28 U.S.C. § 2241, and not based on any other jurisdictional ground.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Petitioner's Motion for Order in Accord with 28 U.S.C. § 636 and for Leave to Seek Relief in the Nature of Mandamus with the United States Court of Appeals for the Tenth Circuit Pursuant to 28 U.S.C. § 1361" (Doc. No. 40) is DENIED.

Dated this 11th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge