IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00881–MSK–KMT

JESUS JOHN HERNANDEZ,

    Applicant,

v.

JOE STARMAN, Director, Independence House South, and
THE UNITED STATES PAROLE COMMISSION,

    Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

Before the court is Jesus John Hernandez's ("Petitioner") "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Doc. No. 1 [Appl.], filed April 4, 2012.) Respondents filed their "Response to Order to Show Cause" on June 18, 2012 (Doc. No. 23 [Resp.]). For the reasons set forth herein the court recommends the Application be denied.

*BACKGROUND*

In 1986, Applicant was sentenced to an aggregate term of twenty years in prison to be followed by ten years of special parole for conspiracy to import marijuana, distribution or possession with intent to distribute cocaine, conspiracy, continuing criminal enterprise, and felon in possession of a firearm. (Resp., Ex. B.) The sentences were imposed in two separate cases by the federal district courts for the District of Colorado (Case No. 84-cr-284) and the Middle District of Florida (Case No. 85-72-cr). (*Id.*) On July 30, 1994, Applicant was released on

parole. (*Id.*, Ex. C.) By Notice of Action, dated November 6, 1995, the United States Parole Commission ("Commission") imposed a special drug aftercare condition. (*Id.*, Ex. D.) Applicant has been revoked while on parole four times. (*Id.,* Ex. B.) He commenced his ten-year special parole term on September 24, 2005. (*Id.*, Ex. F.) He has been revoked once while on special parole. (*Id.*, Ex. G.) All of his previous violations involved the use of illegal drugs. (*Id.*, Ex. E.) He was most recently released to special parole on September 24, 2008. (*Id.*, Ex. G.)

On November 14, 2011, Applicant's supervision officer provided the Commission a "Notice of Violation and Request for Modification" after applicant tested positive for cocaine use. (*Id.*, Ex. H.) The supervision officer requested that the release conditions be modified to include a half-way house placement for drug treatment and that the applicant pay for drug testing. (*Id.*) On December 2, 2011, the Commission ordered Applicant to reside in and participate in a drug treatment program as recommended by the supervision officer. (*Id.*, Ex. I.) Applicant appealed the Commission's decision, in part, on the grounds that the Commission violated the *Ex Post Facto* Clause by imposing that condition; and on the grounds that drug testing was unreliable. (*Id.*, Ex. J.) The National Appeals Board affirmed the Commission's decision. (*Id.*) Applicant was admitted to the half-way placement on December 16, 2011, and was released again to supervised release on May 16, 2012. (*Id.*, Ex. A.) Applicant's full term expiration date is calculated as September 24, 2017. (*Id.*, Ex. B.)

*CLAIM*

Applicant claims the Commission has violated the *Ex Post Facto* Clause of the United States Constitution by ordering him to submit to certain conditions of parole that were not authorized at the time he committed his offenses in 1984. (*See* Appl. at 7–8.) Specifically, he challenges the Commission's imposition of the parole conditions of drug testing, drug counseling, and the requirement that he pay for his drug treatment program. (*Id*)

*LEGAL STANDARDS*

    A.    **Pro Se** *Applicant*

Applicant is proceeding *pro se*. Therefore the court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even as a *pro se* litigant, Applicant is required to comply with the fundamental requirements of the rules of procedure. *Wellington v. Mukasey*, 2008 WL 276047, *2 (10th Cir. 2008); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). The Court will carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

    B.    *Jurisdiction - Title 28 U.S.C. § 2241*

An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir.

2004). When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

### C. Review of Parole Board Decisions

Decisions of the U.S. Parole Commission are only reviewable for arbitrary and capricious action or an abuse of discretion; they must be upheld if there is a rational basis in the record for the Commission's action. *See Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003); *see also Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989). Judicial review of a Parole Board's decision is very narrow. *Dye v. United States Parole Comm'n*, 558 F.2d 1376, 1378 (10th Cir. 1977); *Peltier* at 892.

### ANALYSIS

### A. Exhaustion

As a threshold matter on habeas corpus review, courts generally address the issue of exhaustion of remedies. *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A prisoner must exhaust all administrative remedies on his asserted habeas claims prior to seeking federal court relief. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (in a § 2241 action where petitioner challenged the computation of his release date, the court noted that "judicial intervention is usually deferred until administrative remedies have been exhausted"); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) ("[P]etitioner must exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus.");

*Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir.2006) (same).  Respondent states it does not intend to assert the defense of failure to exhaust administrative remedies.  (Doc. No. 10.)

     *B.*     **Ex Post Facto** *Clause*

An *ex post facto* law is one which "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts."  *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). "To fall within the *ex post facto* prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal citations and quotations omitted).  "The critical question is whether the law changes the legal consequences of acts completed before its effective date."  *Weaver v. Graham*, 450 U.S. 24, 31 (1981).  The Tenth Circuit has noted that "in rehabilitative matters, prison officials may consider any history established in the inmate's record which it may determine requires treatment" and has opined that when the application of a treatment program does not affect the legal consequences of an inmate's crime or increase his punishment, there is no *ex post facto* violation.  *See Chambers v. Colorado Dep't of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000).

Petitioner challenges the Commission's use of a special drug aftercare condition that he states was not in effect until 1986. (Appl. at 8.)  Applicant was first paroled on July 30, 1994. (*See* Resp., Ex. C [Doc. No. 23-1 at 22].)  The special drug aftercare condition was added on November 6, 1995.  (*Id.*, Ex. D [Doc. No. 23-1 at 18].)  Thus, it is clear that the special drug aftercare condition was applied to events occurring after its adoption.  Specifically, the special condition was applied to the conduct in which Applicant engaged resulting in the three parole

revocations in February 1997, September 1998, November 2003, March 2008, and a parole modification. (*See id.*, Ex. E [Doc. No. 23-1 at 22–23]; Ex. H [Doc. No. 23-1 at 20–30].) Moreover, the application of various methods of evidence collection in conjunction with the special drug aftercare condition does not violate *ex post facto* because it does not increase punishment in any way. Rather, Applicant's use of an illegal drug, which has been illegal since at least prior to his original conviction, *see* 21 U.S.C. § 844, is what caused the violations and his parole revocations and modifications. A person on parole situated identically to Applicant who did not repeatedly partake in illegal drugs would have suffered no ill consequences from the imposition of the new conditions concerning testing for drugs in bodily fluids.

Finally, the special drug aftercare condition imposed clearly is within the authority of the Commission. The Commission may impose conditions on an inmate's release to the extent that such conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of the parolee, and may provide for such supervision and other limitations as are reasonable to protect the public welfare. 18 U.S.C. § 4209. Judicial review of Commission action is limited to whether the action was arbitrary or capricious, or constituted an abuse of discretion. *Resnick v. U.S. Parole Comm'n*, 835 F.2d 1297, 1301 (10th Cir. 1987); *Dunn v. U.S. Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987).

Here, the Commission imposed the special drug care aftercare condition because of Applicant's conviction for drug crimes and because of his documented history of illegal drug use. (Resp., Exs. E, G, H.) Imposition of the special drug aftercare condition clearly was reasonably related to the history and characteristics of Applicant. The court finds there was a

6

rational basis for the Commission's action and that there was no abuse of discretion by the Commission.

*CONCLUSION*

In reviewing the merits of Applicant's claims, this court finds he is not entitled to relief pursuant to Title 28 U.S.C. § 2241. No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court **RECOMMENDS** that the Application for a Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 (Doc. No. 1) be **DENIED** and that this case be dismissed with prejudice.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of February, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge