IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 12-cv-00881-MSK

JESUS JOHN HERNANDEZ,

    Petitioner,

v.

JOE STARMAN, Director, Independence House South;
UNITED STATES PAROLE COMMISSION,

    Respondents.

_____

## OPINION AND ORDER DIRECTING ADDITIONAL BRIEFING
_____

**THIS MATTER** comes before the Court pursuant to Mr. Hernandez's Objections **(# 43)** to certain Orders **(# 39, 42)** issued by the Magistrate Judge; and Mr. Hernandez's Motion for Forthwith Issuance of Writ or Immediate Hearing **(# 48)**.

This Court finds it most appropriate to treat Mr. Hernandez's Petition **(# 1)** as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (and not, as Mr. Hernandez suggests, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 or a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361). Mr. Hernandez was convicted of various offenses in 1986, and was sentenced to a period of 20 years' incarceration, followed by a 10 year period of special parole. Mr. Hernandez was released from custody and began serving his parole period in September 2005.

In or about September 2007, he was taken into custody and charged with various violations of his parole, mostly of a fairly minor nature (*e.g.* failure to appear for drug testing,

1

failure of drug tests, acting as a paralegal without permission); one involved a minor traffic infraction. On January 25, 2008, a Parole Commission Hearing Officer found Mr. Hernandez guilty of the charged violations, revoked his parole, and declared that "none of the time spent on Special Parole shall be credited." In other words, the Parole Commission denied Mr. Hernandez credit for the two years of "street time" he had spent serving his parole between 2005 and 2007.[1]

Mr. Hernandez has raised a variety of challenges to the Parole Commission's actions, including: (i) a contention that his sentence to a term of special parole was improper, as the statute providing for such parole was repealed prior to the date of his sentencing[2]; (ii) that the Parole Commissions imposition of certain conditions of parole, including mandatory drug testing

---

[1] Mr. Hernandez characterizes this act as "revoking [his] term of special parole and imposing a new 10-year term of special parole" "effectively increasing [his] sentence by at least two years." Although the Court disagrees with the characterization of the Commission as "imposing a new term" of parole, it agrees with Mr. Hernandez that the net effect of the Commission's action was to effectively nullify the 2 years of "street time" he had already spent on parole, thus treating him as still having 10 full years of parole left to complete.

[2] Mr. Hernandez concedes that, although he took a direct appeal from his conviction and sentence, he did not raise a challenge to the imposition of a term of parole after his custodial sentence. Setting aside the myriad of procedural defects that would prevent this Court from reaching any challenge Mr. Hernandez makes to the imposition of a parole term (such as untimeliness, failure to exhaust, and procedural default, among others), the Court notes that Mr. Hernandez's entire premise – that the repeal of parole statutes in 1984 precluded the imposition of a parole term as part of a sentence handed down in 1986 – is misplaced.
   Chapter II of the Comprehensive Crime Control Act of 1984, P.L. 98-473, abolished the prevailing practice of federal parole, and replaced it with a determinate sentencing scheme. *Id.*, § 218(a)(5); *Romano v. Luther*, 816 F.2d 832, 834 (2d Cir. 1987). Although the Act itself was passed in 1984, the provisions abolishing parole were subject to a delayed effective date, ultimately taking effect on November 1, 1987. *Dallis v. Martin*, 929 F.2d 587, 589 & n.3 (10th Cir. 1991); *Evenstad v. U.S. Parole Commission*, 783 F.Supp. 1297, 1300 (D.Kan. 1992). The Act provided that existing provisions of the law, including those relating to parole, "shall remain in effect for five years after [Nov. 1, 1987] as to an individual convicted of an offense . . . before [Nov. 1, 1987]." P.L. 98-473, § 235(b)(1). Because Mr. Hernandez was sentenced in February 1986, well before the effective repeal of the parole statutes in 1987, there was no impediment to the sentencing court requiring that he serve a 10-year parole term.

2

and Mr. Hernandez's obligation to pay for the costs of such testing, were not remedies that were available at the time of his sentencing and thus constitute prohibited *ex post facto* punishment; and (iii) that his positive drug test result was falsely triggered by lawful medications that Mr. Hernandez has been prescribed.

The Court referred Mr. Hernandez's Petition to the Magistrate Judge for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (and referred certain interstitial motions to the Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b)(1)(A).[3] The Magistrate Judge issued a Recommendation **(# 44)** on February 27, 2013, recommending that Mr. Hernandez's Petition be denied. Specifically, the Magistrate Judge found that the Commission's imposition of conditions of drug testing on Mr. Hernandez did not violate the *ex post facto* clause of the U.S. Constitution.

Mr. Hernandez filed timely Objections **(# 45)** to that Recommendation. Although he raises certain prior arguments obliquely, the major thrust of his Objections is an argument that does not clearly appear on the face of his Petition: that the Commission's decision to nullify his two years of street time impermissibly amounted to the "imposition of a new 10-year period of parole" by the Commission. The Government's response to Mr. Hernandez's Objections does not directly address this issue.

The regulations of the Parole Commission generally provide that a parolee whose parole is revoked due to a violation "will receive credit on service of his sentence for time spent under

---

[3] Mr. Hernandez vigorously opposes the Magistrate Judge's consideration of the matters in this case, but his opposition is irrelevant. Referral of matters to a Magistrate Judge under 28 U.S.C. § 636(b) does not require the parties' consent. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). For these reasons, Mr. Hernandez's Objections **(# 43)** to a ruling by the Magistrate Judge denying his request a hearing and other relief are overruled.

supervision," except in specifically-defined circumstances. 28 C.F.R. § 2.52(c). A parolee who "intentionally refused or failed to respond to any reasonable request, order, summons, or warrant" may be denied credit against his term of parole for "the time during which the parolee so refused or failed to respond," 28 C.F.R. § 2.52(c)(1), and if the parolee commits an offense "punishable by any term of imprisonment, detention, or incarceration" during his time on parole, the Commission may impose forfeiture of the entire portion of time that has elapsed since the parolee's last release on parole. 28 C.F.R. § 2.52(c)(2).

It does not immediately appear to this Court that either provision is sufficient to support the Commission's decision not to credit Mr. Hernandez with any portion of the street time he earned between 2005 and 2007. Turning first to the provisions of § 2.52(c)(1), which permit the Commission to deny credit for street time in any period in which the parolee fails to respond to orders, the Commission did find that Mr. Hernandez failed to report to his Probation Officer as directed (Charge No. 4). But the Commission's report indicates that the basis of this charge was that Mr. Hernandez was instructed to report to his Probation Officer on August 2, 2007, and failed to do so. Mr. Hernandez was taken into custody on a warrant on September 25, 2007. Thus, under 28 C.F.R. § 2.52(c)(1), Mr. Hernandez could be denied credit for street time between August 2, 2007 and September 25, 2007, but not for the nearly two years of street time he earned prior to August 2, 2007.

As to § 2.52(c)(2), that provision permits the Commission to deny credit for a parolee's full amount of street time, but only where the parolee is convicted of an offense "punishable by any term of imprisonment." The charges against Mr. Hernandez included a single charge involving conduct that was in violation of law, namely "unlawful backing," an offense that the

4

Commission describes as a "traffic violation" and "an infraction and not a law violation." The Commission's report makes no finding that Mr. Hernandez could be punished by a term of incarceration for the traffic violation, and thus, it does not appear that the Commission was authorized to revoke Mr. Hernandez's full street time from 2005 to 2007 based on that violation.

Thus, on the instant record, the Court has some question as to the Commission's authority to deny Mr. Hernandez credit for street time earned from the date of his release on parole in 2005 until August 2, 2007. Because the Government's briefing and exhibits fail to address the issue – perhaps because the issue was not clearly raised in specific terms in Mr. Hernandez's Petition – the Court finds it appropriate to request additional briefing on the issue. On or before June 28, 2013, the Government may file a supplemental brief addressing the factual and legal basis for the Commission's decision to deprive Mr. Hernandez of his street time in its 2008 decision. The Government shall also address whether Mr. Hernandez's challenge to that 2008 decision, via a §2241 Petition filed in April 2012, is timely. Mr. Hernandez shall have until July 28, 2013, to file any supplemental brief in response, including any citation to authority indicating that such a challenge is timely. Once those supplemental briefs have been filed, this Court will promptly address any remaining issues in this case.[4]

For the foregoing reasons, Mr. Hernandez's Objections **(# 43)** are **OVERRULED**, and Mr. Hernandez's Motion for Forthwith Issuance of Writ or Immediate Hearing **(# 48)** is

---

[4] Because additional briefing is required, Mr. Hernandez's motion for "forthwith issuance of the writ or immediate hearing" **(# 48)** is denied. The Court notes that, even if Mr. Hernandez is correct and he is entitled to full credit for street time earned since 2005, his 10-year parole period will not expire until, at the very earliest, 2015.

**DENIED**.  The parties shall submit the supplemental briefs directed herein, and thereafter, the Court shall address any substantive issues remaining in this matter.

Dated this 6th day of June, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge