**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00881-MSK

**JESUS JOHN HERNANDEZ,**

    Petitioner,

v.

**JOE STARMAN, Director, Independence House South;
UNITED STATES PAROLE COMMISSION,**

    Respondents.

---

**OPINION AND ORDER DENYING PETITION**

---

    **THIS MATTER** comes before the Court pursuant to Mr. Hernandez's Objections (**# 45**) to the Magistrate Judge's Recommendation (**# 44**) that Mr. Hernandez's Petition (**# 1**) for a writ of *habeas corpus* be denied; the supplemental briefing by the Respondents (**# 50**) directed by this Court's June 6, 2013 Opinion and Order (**# 49**); and Mr. Hernandez's Motion for an Evidentiary Hearing (**# 51**), Motion for Order of Immediate Cessation of Supervision (**# 53**), and Emergency Motion for Immediate Cessation of Supervision (**# 54**).

    The Court will assume the reader's familiarity with the proceedings to date, as summarized in the Court's June 6, 2013 Opinion. That Opinion rejected most of the arguments lodged by Mr. Hernandez, leaving open only the question of whether the Respondent United States Parole Commission complied with the law when refusing to credit Mr. Hernandez with two years of "street time" that Mr. Hernandez served prior to his Special Parole being revoked in 2008. This Court's June 6 Opinion expressed some doubt as to whether the denial of "street

time" credit to Mr. Hernandez as a result of comparatively minor parole violations was consistent with the Parole Commission's regulations, found at 28 C.F.R. § 2.52(c).

The Parole Commission's supplemental briefing explains that the Court's examination of 28 C.F.R. § 2.52(c) was inappropriate because Mr. Hernandez is serving a term of <u>Special Parole</u>; whereas § 2.52 relates to ordinary parole. "Special parole" is a discrete form of parole contemplated under certain then-existing federal statutes, and the Parole Commission treats violations of Special Parole differently that it treats violations of ordinary parole. 28 C.F.R. § 2.57(a). Under 28 C.F.R. § 2.57(c), the Parole Commission provides that "[s]hould a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term as provided in § 2.52." However, "[n]otwithstanding the provisions of § 2.52(c), a special parole term violator whose parole is revoked <u>shall receive no credit for time spent on parole</u> pursuant to 21 U.S.C. 841(c)."[1] 28 C.F.R. § 2.57(c) (emphasis added). Consequently, several courts have recognized that any violation of Special Parole conditions will result in the parolee forfeiting his accumulated street time. *See e.g. Brown v. U.S.,* 2012 WL 3815641 (E.D.Mo. Aug. 20, 2013) (slip op.) ("Section 2.57 provides for a mandatory forfeiture

---

[1] Although long-since amended, at the time 28 C.F.R. § 2.57(c) was drafted, 21 U.S.C. § 841(c) provided:

> A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and <u>the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole</u>. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

*See Rich v. Maranville*, 369 F.3d 83, 86 (2d Cir. 2004) (emphasis added).

of street time following revocation of special parole . . . [t]he forfeiture of time spent on special parole is not discretionary, but automatic, following the revocation of such special parole for violations of its terms and conditions"), *citing Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 46 (5th Cir. 1991); *Fowler v. U.S. Parole Comm'n*, 94 F.3d 835, 840 (3d Cir. 1996) ("Special parole is 'special' for three reasons: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed and its length selected, by the district judge rather than by the Parole Commission; third, <u>when special parole is revoked</u>, its full length becomes a term of imprisonment....[i]n other words, '<u>street time' does not count toward completion of special parole</u>") (emphasis added).

Accordingly, because Mr. Hernandez was sentenced to serve a 10-year period of Special Parole, and he was found to have violated the terms of that parole after accumulating approximately two years of "street time," the Parole Commission was proper in revoking the special parole, sentencing him to a term of imprisonment, and then re-imposing a new term of special parole on him. *See Rich*, 369 F.3d at 90 (new term of special parole may be imposed after prior revocation and incarceration). Pursuant to 28 C.F.R. § 2.57(c), the revocation of Mr. Hernandez's special parole required him to forfeit the two years of street time he had accumulated during his prior term of special parole, meaning that the new term of special parole imposed upon him was the full 10-year period set at the time of his initial sentencing.

Because the Court finds no error in the Parole Commission's (re-)imposition of a 10-year period of special parole, the Court **OVERRULES** Mr. Hernandez's Objections **(# 45)**, **ADOPTS** the Recommendation **(# 44)**, and **DENIES** Mr. Hernandez's Petition **(# 1)**. Because this ruling (along with the Court's prior findings in its June 6 Opinion) disposes of Mr. Hernandez's

Petition in its entirety, Mr. Hernandez's various remaining motions **(# 51, 53, 54)** are **DENIED**. The Court has *sua sponte* considered whether any of Mr. Hernandez's contentions warrant the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253(a).   Having considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court finds that Mr. Hernandez has not made a substantial showing of the denial of a constitutional right such that reasonable jurists could disagree as to the disposition of his petition.  28 U.S.C. § 2253(c)(2). Accordingly, the Court also denies a Certificate of Appealability.  The Clerk of the Court shall close this case.

Dated this 15h day of October, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge