**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-00881-MSK**

**JESUS JOHN HERNANDEZ,**

    Petitioner,

v.

**JOE STARMAN, Director, Independence House South;**
**UNITED STATES PAROLE COMMISSION,**

    Respondents.

_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO RECONSIDER**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Hernandez's Motion to Alter Judgment **(# 57)**, the Respondents' response **(# 59)**, and Mr. Hernandez's reply **(# 60)**.

Mr. Hernandez's claims in this case have become somewhat of a moving target. On April 4, 2012, he filed his initial Petition **(# 1)** pursuant to 28 U.S.C. § 2241, explaining that he was convicted of various drug offenses in 1984 and sentenced to 20 years in federal prison, to be followed by a 10-year term of Special Parole. Mr. Hernandez's primary complaint in the initial Petition was that the law providing for Special Parole had been repealed prior to his sentencing in 1984, and that his attorneys had failed to raise that issue during his direct appeal. He explained that he completed his term of imprisonment in 2005 and advised the Parole Commission that he believed he was under no further parole obligations, but his Parole Officer disagreed. In 2007, Mr. Hernandez was cited by his Parole Officer for certain violations of the terms of his Special Parole and "was taken into custody" – presumably meaning that his parole

was revoked. (Although not stated in the Petition, the Court understands that he was released in September 2008.) He further asserted that "most recently," he had been charged with "several technical violations" of his parole, although the Petition did not specify when or what those violations were or their consequences. Mr. Hernandez stated that the parole conditions he allegedly violated (and to which he continues to be subject) "were not applicable to him by statute at the time of his offense (i.e. urine testing and required to pay for such testing, pay for counseling, and pay for supervision)."

A broad reading of the *pro se* Petition suggests that Mr. Hernandez was raising one or more of the following issues: (i) that the imposition of the Special Parole term was improper, as the imposition of that term as part of his 1984 sentence was contrary to law; (ii) his imprisonment in 2007, ostensibly due to a revocation of his parole, was improper, as there was no legal justification for the imposition of the parole term for the same reasons; (iii) that the "most recent" violations alleged against him were improper, for the same reasons; and (iv) that the "most recent" violations alleged against him were improper because the conditions he was alleged to have violated – apparently, failing to provide a urine sample, providing a tainted urine sample, and/or failing to pay for certain required services – were improperly imposed upon him at some point after his sentence.

After preliminary proceedings and the Government filing a response to the allegations in the Petition, this Court referred the matter to the Magistrate Judge for a recommendation. The Magistrate Judge recommended **(# 44)** that the petition be denied, rejecting Mr. Hernandez's contention that the drug testing and treatment conditions imposed upon him constituted an *Ex Post Facto* punishment.

Mr. Hernandez filed timely Objections **(# 45)** to the Recommendation. Those Objections repeated Mr. Hernandez's argument that his sentencing court in 1984 lacked authority to impose a term of Special Parole. But the Objections also devoted a significant argument to a new issue with factual and legal contours that were not even hinted at in the initial Petition: "can the United States Parole Commission revoke a term of Special Parole and impose a new additional term of Special Parole?"[1] As Mr. Hernandez described it, the Parole Commission "increased [his] punishment by the act of revoking his ten (10) years special parole term and then re-imposing an entirely new (additional) ten year term of Special Parole effectively increasing the Applicant's sentence by at least two years." Beyond this contention, Mr. Hernandez did not elaborate on the dates or circumstances of this act of "re-imposing" a new 10-year term of Special Parole.

By Order dated June 6, 2013, this Court addressed **(# 49)** Mr. Hernandez's Objections. It rejected the premise of Mr. Hernandez's initial Petition – that the sentencing court lacked authority to impose a term of Special Parole – explaining that although federal parole was abolished by statute in 1984, the effective date of that abolishment was continued to 1987 for convictions (such as Mr. Hernandez's) that occurred prior to that time. And although the issue of the "re-imposed term of Special Parole" was newly-raised by Mr. Hernandez, this Court nevertheless attempted to make sense of it.

As the Court understood, Mr. Hernandez had been released to parole in 2005, had been found guilty of parole violations in 2007, was re-incarcerated for a period of time, and then

---

[1] The contention that Mr. Hernandez was subject to the imposition of "a new additional term of Special Parole" first appears in the record in a May 7, 2012 Motion to Reconsider **(# 15)**. Curiously, that argument is itself oblique to the May 1, 2012 Order **(# 12)** for which reconsideration was sought: that Order denied Mr. Hernandez's contention that the Respondents should have been required to respond to his Petition more quickly.
 The Court notes that Mr. Hernandez never sought to amend his Petition – the document that governs the claims to be considered – to include this new ground for relief.

3

released back to parole. Based upon Mr. Hernandez's contention that his re-release to parole was again for a 10-year period, the Court understood that the Parole Commission had elected not to credit Mr. Hernandez for the two years (2005-2007) he had already served towards the completion of his 10-year parole term. This Court stated "although the Court disagrees with the characterization of the Commission as 'imposing a new term' of parole, it agrees with Mr. Hernandez that the net effect of the Commission's action was to effectively nullify the 2 years of 'street time' he had already spent on parole, thus treating him as still have 10 full years of parole left to complete."

This Court went on to observe that the Parole Commission's regulations generally provided that parolees would receive credit for street time already served, except in certain specified circumstances. *Citing* 28 C.F.R. § 2.52(c). The Court noted that none of the specified circumstances appeared to be present here, and directed the Respondents to file a supplemental brief identifying the basis for the decision to refuse to grant Mr. Hernandez credit for his two years of street time. The Respondent's supplemental brief explained that, because Mr. Hernandez was subject to Special Parole, not regular parole, a different set of laws and regulations applied, and those laws and regulations required that street time credit be denied when a term of Special Parole was revoked. 21 U.S.C. § 841(c); 28 C.F.R § 2.57(c). Finding those authorities to unambiguously require the denial of credit for street time, this Court then issued an Order **(# 49)** denying Mr. Hernandez's Petition.

Mr. Hernandez then filed the instant motion, seeking reconsideration of that Order. This time, his focus is on the Respondents' ability to continue to subject him to a continued (or, re-imposed, in Mr. Hernandez's words) term of Special Parole after having revoked it once before. Mr. Hernandez contends that, once the Parole Commission elects to revoke a term of Special

Parole and re-incarcerate a parolee, it is prohibited from proceeding to resume/re-impose another term of Special Parole thereafter. Mr. Hernandez correctly points to *Whitney v. Booker*, 147 F.3d 1280, 1282 (10th Cir. 1998),[2] in which the 10th Circuit expressly addressed this very issue. The Circuit concluded that, by statute, "when the original term of special parole is revoked, it is 'extinguished and converted to regular imprisonment,' with any release before its end subject only to regular parole."[3]

It appears to be undisputed that the Respondents revoked Mr. Hernandez's term of Special Parole in 2007, and thus, by operation of *Whitney*, any period of parole that followed <u>afterwards</u> was "regular" parole (subject to 28 C.F.R. § 2.52(c)), not "special" parole. But it also appears to be undisputed that the 2007 revocation was the first time Mr. Hernandez's term of parole had been revoked and thus, at that time, Mr. Hernandez was still on Special Parole and subject to 28 C.F.R. § 2.57(c)'s requirement that accrued street time be forfeited upon revocation. Thus, the Parole Commission correctly deemed Mr. Hernandez to have forfeited his two years of accumulated street time for violating Special Parole in 2007, such that when he re-emerged to parole, he still faced a full 10-year parole term. However, the term of parole that was then applied was no longer "special" parole, but instead was "regular" parole and hereafter governed by 28 C.F.R. § 2.52(c).

The Court notes that the Respondent's initial substantive response in this case appears to assert the contrary. It states: "He was most recently released to <u>special parole</u> on September 24,

---

[2]   Although Mr. Hernandez mentions *Whitney* in several of his previous filings, it was not until the instant motion that the Court was able to strip away enough of his other contentions to recognize that this was the actual issue being presented.

[3]   In doing so, the court found that the Parole Commission's regulations at 28 C.F.R. § 2.57(c) (allowing "re-parole . . . under the Special Parole term") were inconsistent with the statutory language and thus not subject to deference.

5

2008." *Docket* # 23 at 2. It is not clear to this Court whether this reference to "special" parole is an oversight or mistake on the part of counsel drafting the response,[4] or whether the Respondents believe that Mr. Hernandez's current parole term continues to be a term of "special" parole. It may behoove the Respondents to review Mr. Hernandez's current status in light of *Whitney*. But even assuming that the Parole Commission is presently in error about the correct characterization of the type of parole Mr. Hernandez is currently serving, this Court declines to afford any relief at this time.

The Court understands Mr. Hernandez to be complaining only about the decision to deny him credit for street time due to the 2007 revocation, and for the reasons stated above, this Court finds that denial to have been correct. Even assuming that the Respondents incorrectly consider Mr. Hernandez to be continuing to serve a term of "special" rather than "regular" parole to this day, Mr. Hernandez has not identified any injury that he has suffered since 2007 as a result of that mistake. (Presumably, he will not suffer any injury unless and until that parole is revoked again, at which point the question of whether 28 C.F.R. § 2.52(c) or § 2.57(c) applies to his accumulated street time arises.)

For the foregoing reasons, the Court **GRANTS IN PART** Mr. Hernandez's Motion to Alter Judgment **(# 57)**, insofar as the Court has reconsidered its prior ruling in light of Mr.

[4] Counsel cites to Exhibit G to its response in support of this contention. Exhibit G is a Parole Commission Notice of Action dated February 8, 2008, which reads, in part: "Revoke special parole. . . . Re-parole effective September 24, 2008." This notice does not specify whether the "re-parole" is to be considered a "special" parole term or a "regular" one. *See also Exhibit E* at 5 ("Revoke Special Parole . . . Parole effective 9/24/2008"). On the other hand, Exhibit J to the response is a Parole Commission Notice of Action on Appeal dated March 2, 2012. That document appears to respond to a complaint by Mr. Hernandez about the imposition of Special Parole on him and states "as for the legality of imposing special parole on you, [the issue had previously been litigated in another case in 2007]." It is not clear whether this reference to Mr. Hernandez being on "special parole" is intended to reflect his current status, or merely his status as of 2005-2007.

7

Hernandez's clarification of the issues he is presenting, and **DENIES IN PART** that motion, insofar as upon reconsideration, the Court finds that Mr. Hernandez's Petition was properly denied.

Dated this 4th day of April, 2014.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge